UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD PRUDEN, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-07-1831 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| SCI-CRESSON DOCTORS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

## BACKGROUND

Plaintiff Ronald Pruden, an inmate confined at the Graterford State Correctional Institution ("SCI-Graterford") in Graterford, Pennsylvania, initiated this action *pro se* by filing a civil rights complaint under 42 U.S.C. § 1983. On October 9, 2007, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2).[1]  For the reasons set forth below, Plaintiff's complaint will be dismissed, without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915(g).

In his "Statement of Claim" section of his Amended Complaint, Plaintiff alleges as follows:

Plaintiff has been denied his Parkinson's disease medication for six years and "they" have refused to update his file to reflect his medical condition. (Doc. 1 at 2.) "They" intentionally refuse Plaintiff's diagnosis so that he cannot file legal claims. (*Id*.) As a result

---

1.  Plaintiff completed this Court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. On October 16, 2007, the Court issued an Administrative Order (Doc. 6) directing the Warden of SCI-Graterford to commenced deducting the full filing fee from Plaintiff's prison trust fund account.

of the refusal of medical services, Plaintiff has been assaulted for four years. (*Id*.) The final result is that Plaintiff's brain is deteriorating and that he has stiffness, tremors, weight loss, and weakness. (*Id.*, ¶ 4.)

As relief, Plaintiff requests a "legal representative" to investigate his claims; a medical specialist in the field of neurology; and a transfer to a prison in which he has not already been assaulted. (Doc. 1 at 3, V.)

**DISCUSSION**

Under § 1915(g), a federal civil action by a prisoner proceeding *in forma pauperis* is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has initiated the following civil actions which were dismissed either by this Court or by the Third Circuit Court of Appeals under 28 U.S.C. § 1915(e)(2)(B) as being frivolous: (1) *Pruden v. SCI-Camp Hill, et al*, Civil No. 3:07-CV-0604 (M.D. Pa. June 21, 2007) (complaint dismissed for failure to prosecute after Plaintiff failed to file amended complaint in compliance with Court Order), *appeal dismissed*, No. 07-3073 (3d Cir. October 30, 2007) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); (2) *Pruden v. Schuylkill County Prison Medical Staff, et al*, Civil No. 3:07-CV-0006 (M.D. Pa. February 6, 2007) (complaint seeking injunctive relief as to conduct occurring at prisons other than Plaintiff's current place of incarceration dismissed as moot), *appeal dismissed*, No. 07-3072 (3d Cir. November 6, 2007) (appeal dismissed pursuant to 28 U.S.C. §1915(e)(2)(B));

(3) *Pruden v. Department of Corrections*, Civil No. 3:07-CV-0768 (M.D. Pa. May 15, 2007) (complaint dismissed *sua sponte* as frivolous), *appeal dismissed*, No. 07-3074 (3d Cir. October 4, 2007)(appeal dismissed for lack of jurisidiction because Plaintiff filed appeal beyond time prescribed by FED. R. APP. P. (4)(a)(1)(A)).

The "imminent danger" exception to 1915(g)'s "three strikes" rule is inapplicable in this case. The Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), *cert. denied*, 533 U.S. 953 (2001). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). While Plaintiff alleges that he disagrees with the medical treatment that he thinks he needs in that he has not been provided with the medication he wants, and alleges that he has been assaulted, he does not state that he was in imminent danger of serious physical injury at the time he filed his complaint. Thus, pursuant to the standards announced in §1915(g), Plaintiff's present civil rights action is barred under §1915(g). An appropriate Order will follow.

March 17, 2008                           s/ A. Richard Caputo
                                         A. RICHARD CAPUTO
                                         United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD PRUDEN,                              :
                                            :
    Plaintiff,                              :    CIVIL NO. 3:CV-07-1831
                                            :
    v.                                      :    (Judge Caputo)
                                            :
SCI-CRESSON DOCTORS, *et al.*,              :
                                            :
    Defendants.                             :

## ORDER

**AND NOW, THIS 17th DAY OF MARCH, 2008**, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

    1.    Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED** as moot.

    2.    Plaintiff's Complaint is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

    3.    The Administrative Order (Doc. 6) is **VACATED**.

    4.    The Clerk of Court is directed to close this case.

    5.    Any appeal from this Order will be deemed frivolous and not taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

                                            s/ A. Richard Caputo
                                            A. RICHARD CAPUTO
                                            United States District Judge